# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANKLIN J. SPENCER,

      Petitioner,

v.                                     **Case No. 19-CV-561**

WILLIAM POLLARD,

      Respondent.

---

## ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION FOR DISMISSAL OF PETITION

---

Franklin J. Spencer, who is currently incarcerated at the Dodge Correctional Institution, filed a petition for writ of habeas corpus challenging his judgment of conviction pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). (Docket # 2.) Spencer has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 7.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating, "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Spencer's affidavit and his prison account statement, I find that he has sufficient assets to pay the $5.00 filing fee. While Spencer's regular account had a

beginning balance of $0.00, Spencer received a deposit of $50.00 in May 2019 and his current account balance is $52.45. His average monthly deposits are $15.14. Thus, I find Spencer has sufficient assets to pay the one-time $5.00 filing fee. As such, Spencer's motion for leave to proceed without prepayment of the filing fee is denied.

At this juncture, the normal procedure would be to require Spencer to pay the filing fee. However, review of Spencer's petition reveals multiple issues. First, it appears that Spencer's petition is untimely. Spencer challenges his May 14, 2003 judgment of conviction for felony bail jumping in Kenosha County Case No. 2003CF213. Pursuant to 28 U.S.C. § 2244(d)(1), a habeas petition under § 2254 is subject to a one-year statute of limitations. Although this statute of limitations period is subject to equitable tolling, the age of Spencer's conviction raises concerns regarding the timeliness of this action.

Second, it appears that Spencer is still in the process of exhausting his remedies in state court. Spencer argues that he committed felony bail jumping on March 28, 2003 and was sentenced to a class "D" felony. (Docket # 1 at 6.) He alleges that the felony bail jumping statute was amended on February 1, 2003 to a class "H" felony. (*Id.*) Thus, Spencer alleges that he was "over sentenced by 2 years on the extended supervision." (*Id.*)

Prior to filing a habeas petition in federal court, a petitioner must exhaust his state court remedies, including filing a petition for review with the Wisconsin Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843–45 (1999). Spencer filed a motion pursuant to Wis. Stat. § 973.13, which addresses situations where the court imposes a maximum penalty in excess of that authorized by law. However, Spencer filed the motion in the Wisconsin Court of Appeals in the first instance. (Docket # 1-1 at 2.) The court of appeals denied the motion on the basis that challenges to a sentence must be brought in the circuit court. (*Id.*)

2

A review of the docket in Kenosha Case No. 2003CF213 shows that subsequent to the court of appeals' April 1, 2019 decision, Spencer filed his Wis. Stat. § 973.13 motion in the Kenosha County Circuit Court. Consolidated Court Automation Programs ("CCAP"), WI Circuit Court Access for Kenosha County, Case No. 2003CF213, at http://wcca.wicourts.gov (last visited June 21, 2019). A hearing was held on May 31, 2019 and Spencer's motion was denied on the grounds that both the judgment of conviction and the information in the court record states that the date of Spencer's offense was January 20, 2003. (*Id.*) There is no indication that Spencer has appealed this decision.

Finally, and most importantly, habeas relief may be granted only when custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Spencer alleges that he is in custody "illegally according to state law and statute," specifically because the court did not modify his sentence pursuant to Wis. Stat. § 973.13 when the felony bail jumping statute was reclassified from a class "D" to a class "H" felony. (Docket # 1 at 6.) Thus, even though Spencer generally asserts that his custody is in violation of the U.S. Constitution (*id.*), it appears his claims are based exclusively on state law. Claims of error in the application of state sentencing laws are not cognizable on habeas review. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

Rule 4 of the Rules Governing § 2254 Cases provides that if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. Because it appears that Spencer challenges his

conviction and sentence on state law, he is not entitled to relief in the district court. I recommend that his petition be denied and the case dismissed.[1]

**NOW, THEREFORE, IT IS ORDERED** that Spencer's motion for leave to proceed without prepaying the filing fee (Docket # 2) is **DENIED**;

**IT IS FURTHER RECOMMENDED** that Spencer's petition be denied and this case be dismissed.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 21st day of June, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1]Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Spencer's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

4